# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | 3:08-cr-00095-RCJ-VPC-1 |
| vs. ) | |
| ) | |
| JUAN RAMIREZ-TORRES, ) | **ORDER** |
| ) | |
| Defendant. ) | |
| ) | |

Pending before the Court is Defendant's Motion to Vacate, Set Aside or Correct Sentence Pursuant to 28 U.S.C. § 2255 (ECF No. 34). For the reasons given herein, the Court denies the motion.

## I.   FACTS AND PROCEDURAL HISTORY

Defendant Juan Ramirez-Torres pled guilty in this Court to one count of Distribution of Methamphetamine, and the Hon. Edward C. Reed sentenced him to 168 months imprisonment, to be followed by five years of supervised release. (*See* J. 1–2, Sept. 28, 2009, ECF No. 30). On December 12, 2013 (over four years later) Defendant filed the present Motion to Vacate, Set Aside or Correct Sentence Pursuant to 28 U.S.C. § 2255.

## II.   LEGAL STANDARDS

Substantive legal arguments not raised on direct appeal are said to be "procedurally defaulted" and cannot be raised later in a collateral attack. *See Massaro v. United States*, 538 U.S. 500, 504 (2003). There are exceptions to the procedural default rule when a defendant can show (1) cause and prejudice, or (2) actual innocence. *United States v. Ratigan*, 351 F.3d 957,

962 (9th Cir. 2003) (citing *Bousley v. United States*, 523 U.S. 613, 622 (1998)). This has been the test since *Wainwright v. Sykes*, 433 U.S. 72, 90–91 (1977).

"Cause" means "some objective factor external to the defense" that impeded the defendant's efforts to comply with the procedural requirement. *McCleskey v. Zant*, 499 U.S. 467, 493 (1991). Among the reasons that can constitute "cause" are government coercion, *see United States v. Wright*, 43 F.3d 491, 497–99 (10th Cir. 1994), ineffective assistance of counsel, *see McCleskey v. Zant*, 499 U.S. 467, 494 (1991), and a "reasonable unavailability of the factual or legal basis for the claim." *See id.*

Ineffective assistance of counsel is "cause" excusing procedural default only where the failure rises to the level of a constitutional violation under *Strickland*. *United States v. Skurdal*, 341 F.3d 921, 925–27 (9th Cir. 2003) (citing *Strickland v. Washington*, 466 U.S. 668 (1984)). Ineffective assistance of counsel claims meeting the *Strickland* test are not procedurally defaulted, and such claims can be brought for the first time under a § 2255 motion even if they could also have been brought on direct appeal. *Massaro*, 538 U.S. at 504. Ineffective assistance of counsel claims under § 2255 are essentially a special variety of "cause and prejudice" claim. The prejudice required is the same, but the cause is based specifically on constitutionally deficient counsel rather than some other miscellaneous "objective factor external to the defense." *McCleskey*, 499 U.S. at 493.

The Sixth Amendment right to effective assistance of counsel is violated when: (1) counsel's performance was so deficient so as not to constitute the "counsel" guaranteed by the Sixth Amendment; and (2) the deficiency prejudiced the defense by "depriv[ing] the defendant of a fair trial, a trial whose result is reliable." *Strickland*, 466 U.S. at 687. There is a "strong presumption" of reasonable professional conduct. *Id.* at 698. When this presumption is overcome and an attorney's "unprofessional errors" are such that there is a "reasonable

probability" the result would have been different had the errors not occurred, the defendant has been deprived of his Sixth Amendment rights. *Kimmelman v. Morrison*, 477 U.S. 365, 375 (1986). "Reasonable probability" is a lower standard than "more likely than not." *Nix v. Whiteside*, 475 U.S. 157, 175 (1986). The analysis does not focus purely on outcome. *Lockhart v. Fretwell*, 506 U.S. 364, 369 (1993). The trial must also have been fundamentally unfair or unreliable. *Williams v. Taylor*, 529 U.S. 362, 391–92 (2000). Counsel's tactical decisions with which a defendant disagrees do not rise to the level of ineffective assistance unless the decisions are so poor as to meet the general test for constitutionally defective assistance. *See Dist. Attorney's Office for Third Judicial Dist. v. Osborne*, 557 U.S. 52, 85–86 (2009).

"Prejudice" means that "the constitutional errors raised in the petition actually and substantially disadvantaged [a defendant's] defense so that he was denied fundamental fairness." *Murray v. Carrier*, 477 U.S. 478, 494 (1986). A showing of prejudice requires demonstration of a "reasonable probability that . . . the result of the proceedings would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Vansickel v. White*, 166 F.3d 953, 958–59 (9th Cir. 1999) (quoting *Strickland*, 466 U.S. at 694)).

Also, issues "clearly contemplated by, and subject to, [a] plea agreement waiver" cannot be brought in a § 2255 motion. *United States v. Abarca*, 985 F.2d 1012, 1014 (9th Cir. 1993); *see United States v. Pipitone*, 67 F.3d 34, 39 (2d Cir. 1995) (holding that waiver of the right to appeal does not constitute "cause" excusing procedural default on an issue). This is a commonsense rule. If waiver of the right to appeal itself constituted cause excusing a failure to appeal, a defendant who had waived his right to appeal would have the same ability to obtain review as a defendant who had not waived that right.

///

///

### III.   ANALYSIS

Defendant alleges that his trial counsel promised him a ten-year sentence but he in fact received a fourteen year sentence. The Court interprets the claim as one for ineffective assistance of trial counsel. First, the claim is procedurally defaulted. Defendant did not appeal his sentence. Second, the motion is untimely because it was filed more than one year after the date of judgment, and Defendant did not appeal. *See* 28 U.S.C. § 2255(f)(1). The Court rejects Defendant's argument that the time should be tolled under § 2255(f)(4). Defendant does not allege when he became aware of the facts supporting the claim, but ultimately it is impossible that he was not aware of the facts supporting the claim when judgment was entered, because the nature of the claim is that his trial attorney promised him a lower sentence than was pronounced by the sentencing judge. That alleged promise cannot have happened after sentencing and still have been prejudicial. Third, the claim is without merit. Defendant testified under oath that no one had made him any such promises outside of the Plea Agreement, which he had read, understood, and agreed with. (Tr. 45–48, May 20, 2009, ECF No. 33). Defendant had also signed the Plea Agreement, which indicated his attorney had made him no such promises. (*See* Plea Agreement 5, May 20, 2009, ECF No. 25). The Plea Agreement estimated several sentencing ranges from 121 to 327 months. (*See id.* 3). The sentencing judge then emphasized that Defendant should disavow himself of any alleged promises as to his sentence outside of the Plea Agreement, and Defendant testified that he understood:

> THE COURT: If anybody has promised you any particular sentence at this time, Mr. Munoz, they don't know what they're talking about, for two reasons.
>
> In the first place, I'm the only one who can decide your sentence; and in the second place, I haven't decided it. I will not do so until I've heard from you, your attorney, and the United States Attorney at the time of the sentencing hearing and until I've reviewed the presentence report which will be prepared by the United States Probation Office.

   Only after all of those things have been done will your sentence be determined. Therefore, there's nobody in a position to promise you any particular sentence, not even your own attorney or the United States Attorney or any agent or official of the United States Government.

   Once your plea is accepted and sentence is imposed, you'll have no right to withdraw your plea of guilty, even if it does not turn out to be as favorable as you may hope.

   Do you understand that?

   THE INTERPRETER: Yes.

(Tr. 49).

## CONCLUSION

IT IS HEREBY ORDERED that the Motion to Vacate, Set Aside or Correct Sentence Pursuant to 28 U.S.C. § 2255 (ECF No. 34) is DENIED.

IT IS SO ORDERED.

Dated this 9th day of January, 2015.

_____
ROBERT C. JONES
United States District Judge